NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 24 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VICTOR H. SANCHEZ-NARABE, AKA Victor Lopez, AKA Victor Hiroshim Sanchez, AKA Victor Hiroshima Sanchez, AKA Victor Narabe Sanchez, AKA Victor Hiroshima Sanchez Narabe,<br><br>       Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>       Respondent. | No.   15-72702<br><br>Agency No. A072-245-554<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Victor Sanchez-Narabe, a native and citizen of Mexico, petitions for review

of the Board of Immigration Appeals' order dismissing his appeal from an

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

immigration judge's decision denying his applications for cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law. *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008). We deny the petition for review.

The agency did not err in denying cancellation of removal, asylum, and withholding of removal, where Sanchez-Narabe failed to meet his burden of proof to establish that his conviction under California Health & Safety Code ("CHSC") section 11379(a) is not a controlled substance violation constituting an aggravated felony or particularly serious crime that renders him ineligible for these forms of relief. *See* 8 U.S.C. §§ 1229b(a)(3), 1158(b)(2)(A)(ii), (B)(i), 1231(b)(3)(B)(ii); *Pereida v. Wilkinson*, 141 S. Ct. 754, 766 (2021) (an applicant for relief from removal cannot establish eligibility where a conviction record is inconclusive as to which elements of a divisible statute formed the offense); *Marinelarena v. Garland*, 6 F.4th 975, 977 (9th Cir. 2021) (an applicant for cancellation of removal bears the burden of showing that a conviction is not disqualifying); *United States v. Barragan*, 871 F.3d 689, 715 (9th Cir. 2017) (CHSC § 11379 is divisible); *Matter of Y-L-*, 23 I. & N. Dec. 270, 274 (A.G. 2002), *disapproved of on other grounds in Zheng v. Ashcroft*, 332 F.3d 1186, 1196 (9th Cir. 2003) (aggravated felonies involving trafficking in controlled substances are presumptively particularly

serious crimes).

**PETITION FOR REVIEW DENIED.**